**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4605**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

CESAR MENDEZ-RAMIREZ, a/k/a Cesar Mendez Ramirez, a/k/a
Cesar Ramirez Mendez,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Catherine C. Eagles,
District Judge.  (1:14-cr-00055-CCE-1)

Submitted:  April 24, 2015          Decided:  August 12, 2015

Before KING, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James E. Quander, Jr., Winston-Salem, North Carolina, for
Appellant.  Ripley Eagles Rand, OFFICE OF THE UNITED STATES
ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cesar Mendez-Ramirez appeals his conviction and sentence for unlawful reentry after removal, in violation of 8 U.S.C. § 1326(a) (2012). Mendez-Ramirez pled guilty pursuant to a written plea agreement and was sentenced to 18 months' imprisonment and 3 years of supervised release. On appeal, counsel for Mendez-Ramirez filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but seeking review of the reasonableness of Mendez-Ramirez's sentence. Mendez-Ramirez did not file a supplemental pro se brief, despite receiving notice of his right to do so. The Government elected not to file a response to the Anders brief. We affirm the district court's judgment.

We review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, or failing to adequately explain the sentence. Id. The imposition of supervised release on a removable alien is "appropriate . . . if the district court finds that supervised release would provide

2

an added measure of deterrence and protection based on the facts and circumstances of a particular case." United States v. Aplicano-Oyuela, __ F.3d __, No. 14-4244, 2015 WL 4081258, at *6 (4th Cir. July 7, 2015) (internal quotation marks omitted).

If we find the sentence procedurally reasonable, we then consider its substantive reasonableness. Gall, 552 U.S. at 51. We presume on appeal that a sentence within the properly calculated Guidelines range is substantively reasonable. United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012); see Aplicano-Oyuela, 2015 WL 4081258, at *8 (applying presumption to term of supervised release). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014).

Upon review, we discern no procedural or substantive sentencing error by the district court. The district court correctly calculated Mendez-Ramirez's advisory Guidelines range, heard argument from counsel, provided Mendez-Ramirez an opportunity to allocute, and provided an adequate, individualized explanation of the within-Guidelines sentence. The district court concluded that, based on the circumstances, a term of supervised release was necessary as a deterrent to further criminal activity. Nothing in the record rebuts the presumption that the sentence is substantively reasonable.

3

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This Court requires that counsel inform Mendez-Ramirez, in writing, of the right to petition the Supreme Court of the United States for further review. If Mendez-Ramirez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mendez-Ramirez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

<u>AFFIRMED</u>